UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| SHANE PATRICK ASSOCIATES, INC. | : |
| | : |
| DEBTOR | : BKY. NO. 18-16941-pmm |

---

| | |
|---|---|
| MICHAEL H. KALINER, TRUSTEE | : |
| PLAINTIFF | : |
| | : |
| v. | : |
| | : |
| KOBALT CONSTRUCTION, INC. | : |
| DEFENDANT | : ADV. NO. |

**COMPLAINT OF MICHAEL H. KALINER, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550**

Michael H. Kaliner, (the "Trustee"), the Chapter 7 Trustee for the Estate of Shane Patrick Associates, Inc. (the "Debtor"), by and through his counsel, Fox Rothschild LLP, brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and alleges as follows:

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks to avoid and

recover, pursuant to §§547, 548, 549 and 550 of the Bankruptcy Code, certain preferential transfers, fraudulent transfers and/or post-petition transfers that the Debtor made to the Defendant (defined below).

5. Plaintiff is Michael H. Kaliner, the Chapter 7 Trustee for the Estate of the Debtor.

6. Defendant is Kobalt Construction, Inc. (the "Defendant"), a business corporation whose state of existence is unknown.

7. The Defendant has a last known mailing address of 5383 Park Drive, Pocono Summit, PA, 18346.

8. On October 18, 2018, (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

9. Thereafter, the Office of the United States Trustee appointed Michael H. Kaliner as the Trustee in this case, which appointment remains in effect.

**COUNT ONE**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

10. The Trustee repeats and re-alleges the allegations contained in all of the proceeding paragraphs of this Complaint as if the same were set forth herein at length.

11. On or within ninety (90) days before the date of the filing of the Petition (the "Preference Period"), the Debtor transferred and/or caused to be transferred, to or for the benefit of the Defendant in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of $65,995.00 as more specifically set forth below (the "Transfer"):

| Check No. | Clear Date | Amount |
|---|---|---|
| 59589 | 7/19/2018 | $18,970.00 |
| 59620 | 8/10/2018 | $15,075.00 |
| 59626 | 6/23/2018 | $31,950.00 |
| | **Total** | **$65,995.00** |

-2-

110813050.v1

12. The Transfer constituted a transfer of an interest in property of the Debtor. The bank account from which the Transfer was drawn was owned by the Debtor.

13. The Transfer was made, or caused to be made, for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the date on which such Transfer was made. The Transfer was made in satisfaction of the Debtor's obligations pursuant to a contract (oral or written) between the Debtor and the Defendant, and was payment for goods previously delivered and/or services previously performed by the Defendant on behalf of the Debtor.

14. The Transfer was made while the Debtor was insolvent. The Debtor is presumed to be insolvent pursuant to §547(f) of the Bankruptcy Code at the time the Transfer was made.

15. The Transfer enabled the Defendant to receive more than it would have received if the case was a case under chapter 7 of the Bankruptcy Code, if the Transfer had not been made and if the Defendant received payment of the debt(s) relating to each such Transfer to the extent provided by the provisions of the Bankruptcy Code.

16. Based upon the foregoing, the Transfer constitutes an avoidable preferential transfer pursuant to §547(b) of the Bankruptcy Code.

**COUNT TWO**
**(Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)**

17. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

18. On or within two (2) years before the date of the filing of the Petition (the "Fraudulent Period") and/or following the filing of the Petition, the Debtor transferred and/or caused the Transfer to be transferred, to or for the benefit of, the Defendant.

110813050.v1

19. The Transfer constituted a transfer of an interest in property of the Debtor.

20. The Transfer was made to or for the benefit of the Defendant.

21. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

22. The Debtor was insolvent, or became insolvent, and/or had unreasonably small capital in relation to its business or its transactions at the time or as a result of the Transfer, the Debtor's debts were greater than all of the Debtor's property, at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay or defraud the Debtor's creditors, and property that may be exempted from property of the estate under §522 of the Bankruptcy Code.

23. The Transfer was made within two (2) years prior to the Petition Date.

24. Based upon the foregoing, the Transfer constitutes an avoidable fraudulent transfer pursuant to §548(a)(1)(B) of the Bankruptcy Code.

## COUNT THREE
### (Recovery of Post-Petition Transfers Pursuant to 11 U.S.C. § 549)

25. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

26. After the Petition was filed, the Debtor transferred and/or caused the Transfer to be transferred, to or for the benefit of, the Defendant.

27. The Transfer constituted a transfer of an interest in property of the Debtor.

28. The Transfer was a payment by the Debtor to the Defendant for services rendered and/or goods delivered pre-petition.

29. The Transfer constituted one or more post-petition transfers of property of the estate that is authorized only under 11 U.S.C. §§ 303(f) or 542(c) or is not authorized under the Bankruptcy Code or by the Bankruptcy Court.

30. Based on the foregoing, the Transfer constitutes an avoidable post-petition transfer pursuant to 11 U.S.C. §§ 549 and 550.

## COUNT FOUR
### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

31. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

32. Pursuant to §§547(b), 548(a) and/or 549(a) of the Bankruptcy Code, the Trustee may avoid the Transfer and, pursuant to §550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of the Debtor the Transfer, or the value of the Transfer, from the Defendant.

## COUNT FIVE
### (Recovery of Preferential Transfer Pursuant to the Small Business Reorganization Act)

33. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

34. The Trustee has engaged in due diligence in his efforts to collect the Transfer by demanding on at least three occasions the turnover of the Transfer and/or any known defenses or mitigating facts regarding the amount due. The Defendant has not responded and has not provided a defense.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in his favor and against the Defendant:

(a) declaring that the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period, or during the one year

-5-

110813050.v1

period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) to the Defendant constitute avoidable preferential transfers pursuant to §547 of the Bankruptcy Code;

(b) declaring that the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Fraudulent Period that discovery may reveal) to the Defendant constitute avoidable fraudulent transfers pursuant to §548 of the Bankruptcy Code;

(c) declaring that the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant following the filing of the Petition that discovery may reveal) to the Defendant constitute avoidable post-petition transfers pursuant to §549 of the Bankruptcy Code;

(d) avoiding the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Fraudulent Period, during the Preference Period or following the filing of the Petition (in each case, as applicable to the cause of action) that discovery may reveal) and directing and ordering that the Defendant return to the Trustee, pursuant to §550 of the Bankruptcy Code, the full value of, and awarding judgment against the Defendant in an amount equal to (i) the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Fraudulent Period, during the Preference Period or following the filing of the Petition (in each case, as applicable to the cause of action) that discovery may reveal), and requiring the Defendant to immediately pay the foregoing to Trustee; (ii) pre-judgment and post-judgment interest from the date the Transfer (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Fraudulent Period, during the Preference Period or following the filing of the Petition (in each case, as applicable to the cause of action) that discovery may reveal) were made through the date of the payment at the maximum legal rate; and (iii) the Trustee's attorneys' fees and costs incurred in this suit;

(e) declaring that the Trustee engaged in due diligence in his efforts to collect the Transfer;

(f) if the Defendant filed a proof of claim pursuant to §501 of the Bankruptcy Code (a "Filed Claim"), then disallowing the Filed Claim until such time as (i) the Defendant turns over to the Trustee any property deemed recovered pursuant to §550 of the Bankruptcy Code, and/or (ii) the Defendant has paid the amount for which the Defendant is liable pursuant to §550 of the Bankruptcy Code; and

110813050.v1

(g) awarding Trustee such other and further relief as may be just and proper.

Respectfully submitted,

FOX ROTHSCHILD LLP

/s/ Edward J. DiDonato
Edward J. DiDonato, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
edidonato@foxrothschild.com
Counsel to Trustee

-7-

110813050.v1